* * * * * * * * * * *
Based upon review of the competent evidence of record with reference to the errors assigned, and finding grounds to receive further evidence, the Full Commission remands the matter back to the Deputy Commissioner to receive further evidence.
 * * * * * * * * * * *
Plaintiff, appearing pro se, filed a Form 33 request for hearing on March 1, 2005 stating "unable to agree on permanent disability." Plaintiff further indicated by checking the appropriate boxes that he was entitled to payment of medical compensation and payment for permanent and total disability. Defendants filed a Form 33R response to the request for hearing stating: "Claim was resolved."
Defendants also filed a Motion to Dismiss on June 21, 2005 alleging the following which gives a sufficient chronology of the procedural history of this case:
 Pursuant to the North Carolina Rules of Civil Procedure and Rule 605 of the North Carolina Workers' Compensation Rules, Defendants move the Industrial Commission for an Order dismissing plaintiff's claim.
In support of this Motion, defendants state the following:
 1. On or about August 22, 2000, plaintiff suffered a compensable injury by accident involving exposure to liquid chemicals while working for Employer. Plaintiff's attorney, Laura Jenkins, filed a Form 33 on November 8, 2001. Defendants filed a Form 33R on November 29, 2001.
 2. On December 17, 2001, attorney John S. Iorio, became involved in this claim on behalf of plaintiff. Attorney Laura Jenkins was allowed to withdraw from the claim on February 20, 2002.
 3. This case was removed from the active hearing docket by Executive Secretary Tracey H. Weaver on February 5, 2002.
 4. On April 4, 2002, defendants filed a Form 33 appealing an Administrative Order issued by Deputy Commissioner Brad Houser on March 21, 2002 approving Dr. Martha Simpson as treating physician for plaintiff's psychological problems.
 5. On July 30, 2002, this case was set for hearing before Deputy Commissioner Ed Garner. The parties notified Deputy Commissioner Garner that all issues had been resolved by stipulation and that no lay testimony was necessary. Only medical depositions would be conducted.
 6. The parties participated in a lengthy mediated settlement conference on August 28, 2002. The claim did not settle at that time.
 7. On May 2, 2003, the parties agreed to voluntarily mediate the claim and after another lengthy mediation, the claim was settled for a lump sum payment plus annuity payments and Medicare set-aside. At the time of the mediation, all parties, including the plaintiff, signed a Memorandum of Mediated Settlement Agreement agreeing to the terms of the settlement.
 8. Defendants prepared an Agreement of Final Settlement and Release which was forwarded to plaintiff's attorney on May 16, 2003. Plaintiff refused to sign the Agreement of Final Settlement and Release.
 9. On June 12, 2003, defendants filed a Motion to Compel Plaintiff's Execution of Agreement of Final Settlement and Release with Deputy Commissioner Garner asking him to enforce the terms of the Memorandum of Mediated Settlement Agreement. A copy of Defendants' letter dated June 12, 2003 is attached as Exhibit C.
 10. Defendants wrote Deputy Commissioner Garner again on June 25, 2003 asking that he approve the Agreement of Final Settlement and Release. A copy of Defendants' letter dated June 25, 2003 is attached as Exhibit D.
 11. Deputy Commissioner Garner approved the settlement agreement the following day. Plaintiff was advised that he had 15 days from the date the agreement was approved to appeal the decision. A copy of the Order approving the settlement agreement is attached as Exhibit E.
 12. On July 3, 2003, the lump sum payment was made to Plaintiff pursuant to the Order approving the Agreement of Final Settlement and Release. On July 8, 2003, defendants confirmed with plaintiff's attorney that his office had in fact received the lump sum settlement check. Subsequently, Plaintiff's attorney indicated that plaintiff had fired him from the case and that he was not accepting the settlement. Plaintiff's attorney reported to defense counsel that he intended to speak with plaintiff again in an attempt to have plaintiff accept the settlement funds without appealing the Order.
 13. On July 11, 2003, Deputy Commissioner Garner counseled plaintiff about the appeal process and informed plaintiff that was the last day he could appeal the Order approving the Agreement of Final Settlement and Release. Plaintiff declined to appeal.
 14. On July 30, 2003, Plaintiff received his first annuity check. Plaintiff was to receive annuity payments in the amount of $505.38 per month for 91 months and $310.00 annually for life. Annuity payments were made via check to Plaintiff until December 2004 when he requested that payments be electronically deposited into his bank account.
 15. Plaintiff filed a Form 33 pro se on February 25, 2005 claiming the parties were unable to agree on permanent disability. A copy of Plaintiff's Form 33 is attached as Exhibit F.
 16. Defendants responded with a Form 33R filed on June 13, 2005. All issues were resolved in this claim at the time the Order approving the Agreement of Final Settlement and Release was issued. Defendants have fulfilled their portion of the settlement agreement and plaintiff has accepted payments. A copy of Defendants' Form 33R is attached as Exhibit G.
Without a hearing, Defendants' Motion to Dismiss was granted by Deputy Commissioner Ledford who stated that plaintiff's claim was resolved by Compromise Settlement Agreement approved by Deputy Commissioner Garner; plaintiff was represented by counsel and plaintiff accepted payments pursuant to the agreement.
Plaintiff appealed to the Full Commission. Since Deputy Commissioner Ledford did not conduct a hearing, the Full Commission has no evidence to review.
Based upon review of the Industrial Commission file, the Full Commission is able to verify that plaintiff signed a Memorandum of Mediated Settlement Agreement at a May 2, 2003 mediation, but thereafter refused to sign the Compromise Settlement Agreement. Defendant filed a "Motion to Compel Plaintiff's Execution of Agreement of Final Settlement and Release" dated June 12, 2003. Without a hearing, former Deputy Commissioner Garner approved the Compromise Settlement Agreement that Plaintiff refused to sign on June 26, 2003. Plaintiff did not appeal from the Order Approving Compromise Settlement Agreement entered by former Deputy Commission Garner. Plaintiff accepted payments disbursed to him pursuant to the terms of the Compromise Settlement Agreement.
It is unclear from plaintiff's Form 33 and plaintiff's application for review whether plaintiff is seeking to set aside the Order Approving Compromise Settlement Agreement, the Compromise Settlement Agreement and/or the Memorandum of Mediated Settlement Agreement. Plaintiff argued before the Full Commission that he was pressured by a family member and his attorney to sign the Memorandum of Mediated Settlement Agreement and that he was told if he did not sign, he would lose everything he had. He further stated that at the time of the mediation he was taking 10 different medications. Plaintiff never signed the Compromise Settlement Agreement.
The Full Commission is unable to review plaintiff's claim as presented and a hearing is necessary to take evidence on what relief Plaintiff is seeking and the evidence he intends to present in support of his claim. If Plaintiff is seeking to set aside the Order Approving Compromise Settlement Agreement, the Compromise Settlement Agreement and/or the Memorandum of Mediated Settlement Agreement, he is directed to file another Form 33 request for hearing stating more clearly the relief he is seeking and on what grounds.
Since the issues related to the manner in which the Compromise Settlement Agreement was approved, and proving sufficient grounds for setting aside a Compromise Settlement Agreement are complex legal matters, Plaintiff would benefit from the assistance of an attorney Plaintiff is hereby referred to the Pro bono program of the Workers' Compensation Section of the North Carolina Academy of Trial Lawyers. The referral will be sent by separate letter, but plaintiff must contact this program if he desires to receive assistance.
IT IS THEREFORE ORDERED that this case is referred to the Deputy Commissioner Section for a hearing. The Deputy Commissioner conducting the hearing ordered herein shall gather the evidence and forward it to the Full Commission for decision to expedite this matter.
No costs are assessed at this time.
This the ___ day of February, 2007.
 S/________________ BERNADINE S. BALLANCE, COMMISSIONER
CONCURRING:
 S/_________________ CHRISTOPHER SCOTT, COMMISSIONER
 S/_________________ THOMAS J. BOLCH, COMMISSIONER